## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED
APR 06 2022

IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.

| **United States District Court** | District: **Middle** | |
|---|---|---|
| Name (under which you were convicted):  LELAND T. CORSO JR. | | Docket or Case No.: |
| Place of Confinement : Scotland Correctional Institution; (4860) | Prisoner No.: 0824215 | |
| Petitioner (include the name under which you were convicted)  LELAND T. CORSO JR. | v. | Respondent (authorized person having custody of petitioner)  Todd Ishee, Commissioner of Prisons |
| The Attorney General of the State of: North Carolina | | |

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

   North Carolina Department of Public Safety; Division of Adult Correction /Prison Section
   22385 McGirts Bridge Rd
   Laurinburg, NC. 28352

   (b) Criminal docket or case number (if you know):

2.   (a) Date of the judgment of conviction (if you know): 6-3-21

   (b) Date of sentencing: 6-3-21

3.   Length of sentence: (50) fifty days gain time loss

4.   In this case, were you convicted on more than one count or of more than one crime? ☒ Yes    ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: (B-18), threaten Staff;
   and (B-25), Disobey direct order

6.   (a) What was your plea? (Check one)

        ☒ (1)    Not guilty      ☐ (3)    Nolo contendere (no contest)

        ☐ (2)    Guilty         ☐ (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☐ Jury    ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☒ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _North Carolina Department of Public Safety; Division of Adult Correction/Prison Sec._

(b) Docket or case number (if you know): _____

(c) Result: _up-held_

(d) Date of result (if you know): _July 28, 2021_

(e) Citation to the case (if you know): _____

(f) Grounds raised: _Due Process Violation under 14th Amendment of the United States_
_Constitution and Denial of Fair, Impartial proceeding and fact finder under the_
_14th Amendment of the United States Constitution._

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result: _____

Case 2:22-cv-00274-CEJEP Document 2 Filed 04/06/22 Page 3 of 41

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  ☐ Yes    ☐ No

(2) Second petition:  ☐ Yes    ☐ No

(3) Third petition:  ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Due Process Violation under 14th Amendment of the United States Constitution and Wolff v. McDonnell, 418 U.S. 539, 565-66, 94 S.Ct. 2963, 41 L.Ed.2d935 (1974)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.) On 4-22-21, Petitioner requested documentary camera footage from Tan Unit (F)-Pod, and Tan-2 stairwell, before the disciplinary hearing on 6-3-21, to support his claim that staff failed to adhere to policy/procedure; and excessive force caused injury to Petitioner's wrist.

2.) Petitioner was denied access to documentary evidence for presentation at the disciplinary hearing for the reason that it was unavailable due to recent upgrades to the cameras.

(Continued...)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

## GROUND ONE CONTINUED

3.) In response to Petitioner's grievance regarding excessive use of force that caused injuries to Petitioner's left wrist, unit manager Linda A. Lewis provided a statement, that after reviewing all statements and video footage it appeared that all NC DPS policy/procedure were followed; which is in direct conflict with disciplinary hearing officer, (DHO), Regina R. Hampton's reason for Tan unit video not being provided at the disciplinary hearing.

(c)   **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☐ Yes     ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

    (4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

Case 2:22-cv-00274-ECB-JEP Document 2 Filed 04/06/22 Page 7 of 41

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: Grievance filed April 29, 2021

**GROUND TWO:** Denial of Fair, Impartial proceeding and Fact finder under 14th Amendment of United State's Constitution and Wolff, supra.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.) Disciplinary Hearing Officers, (DHO), Regina Hampton and Monica Bond did not provide impartial findings of fact or law when conflicting facts were presented at the 6-3-21 hearing and on appeal, tending to show that reporting officers, Sergeant, (Sgt) Donald Anderson; Burnard Thompson; and Hailey Lockless lied in their reports against the Petitioner about the incident that lead to the disciplinary report on 4-21-21, and that in light of the fact that the charged (B-8) infraction, obstructing staff duties was dismissed due to lack of evidence, there was also insufficient evidence to support the claims against the Petitioner had evidentiary requests been complied with and proper weight been given to conflicting facts.    (Continued...)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

## GROUND TWO CONTINUED

2.) At the 6-3-21 disciplinary hearing, DHO. Hampton read statements by Sgt. Anderson, B. Thompson; and H. Locklear into the record that Stated: 1.)"AT NO TIME DID OFFENDER REPORT ANY INJURIES, NOR WAS ANY INJURIES OBSERVED."; 2.)"OFFENDER NEVER SAID ANYTHING ABOUT AN INJURY AND REFUSED MEDICAL."; and 3.)"WHEN HE EXAMINED THE WRIST OF THE OFFENDER HE DID NOT OBSERVE ANY INJURY TO THEM."

3.) During the 6-3-21 hearing, the Petitioner introduced recently healed injuries that had scarred over a month of healing, from handcuff's being placed too tight on Petitioner's left wrist causing lacerations and loss of feeling that was documented by Medical Staff on 6-14-21 and 7-3-21.

4.) DHO. Hampton based a finding of guilt for (B-18) and (B-25) on the reporting party's Statement/Investigating officer's report; and dismissed (B-8) due to insufficient evidence to support the charge.

5.) DHO. Hampton failed to provide Petitioner with documentary video evidence that was requested before the hearing and imposed (15) days of restrictive housing disciplinary punishment; (25) days of credit time loss; (40) hours extra duty; suspension of canteen and visitation privileges for (50) days; and (2) month draw limit on canteen for the (B-18) offense; and (15) days of restrictive housing disciplinary punishment; (25) days credit time loss; (40) hours extra duty; Suspension of telephone privileges for (60) days; and (1) month draw limit on canteen for the (B-25) offense.

6.) On appeal the Petitioner introduced facts regarding the use of force grievance where statements made by lieutenant McInnis; David McGill; investigating officer Cindy Richardson; and case manager Bagwell contradicted the statements given by Sgt. Anderson; B. Thompson; and H. Locklear about the Petitioner's injuries.

7.) On the step one response for grievance no. 4860-2021-LPODA-15435, dated 6-16-21, regarding the use of force on 4-21-21; Lieutenant, (LT.) McInnis; D. McGill; C. Richardson; and Mrs. Bagwell stated that they did observe injuries to the Petitioner's left wrist, where C. Richardson and Mrs. Bagwell saw the injuries on 4-22-21, the next day after the use of force.

8.) On 7-28-21 Chief Disciplinary Hearing Officer, (CDHO) Monica Bond denied the Petitioner's appeal and upheld the (B-18) and (B-25) offenses, in light of the conflicting facts put forward on appeal.

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

Case 2:22-cv-00274-CB-EP Document 2 Filed 04/06/22 Page 10 of 41

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes          ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes          ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Case 2:22-cv-00274-CB-JEP Document 2 Filed 04/06/22 Page 12 of 41

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?       ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

Case 2:22-cv-00274-CCC-BEP Document 2 Filed 04/06/22 Page 13 of 41

13. Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

            having jurisdiction? ☐ Yes ☒ No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

            presenting them: _Grounds one and two; because I have been marshaling_
_all of the facts and evidence to support them to present them to the court_
_in this petition._

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

            ground or grounds have not been presented, and state your reasons for not presenting them:

            _Ground one and two, because this is the first presentation of these_
_facts/grounds to a judicial body._

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised. _____

_____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _pro se_

(b) At arraignment and plea: _pro se_

(c) At trial: _pro se_

(d) At sentencing: _pro se_

(e) On appeal: _pro se_

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☒ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_North Carolina Department of Public Safety; Division of Adult Correction/Prison Section_
_22385 McGirts Bridge Rd. Laurinburg, NC. 28352_

(b) Give the date the other sentence was imposed: _July 20, 2021_

(c) Give the length of the other sentence: _(20) days RHDP; 30 Days credit time loss; suspension of canteen_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☒ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

   (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    The restoration of credit time loss

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on   12-16-21   (date).

By: Leland M. Corral Jr.

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

# UNITED STATES DISTRICT COURT
## for the
Middle _____ District of North Carolina
_____ Division

LELAND THOMAS CORSO JR )  Case No: _____
     Plaintiff(s) )
     )
    - v - )  **WITNESS DECLARATION**
     )
Todd E. Ishee )
    Defendant(s) )

I, LELAND T CORSO JR , attest pursuant to 28 U. S. C. § 1746 and declare under

penalty of purjury that the following is true and correct:

1.) On the evening of 4-21-21, officer Burnard Thompson and Hailey Locklear performed a locker search of my bunk area leaving my personal property strewn about my bunk after taking a priority mail box that was addressed to be mailed the following day and finally leaving my bunk to search another inmate in the same POD.

2.) While officers B. Thompson and H. Locklear were searching bunk (23), I informed them that the box that they took from me had been addressed to be mailed out the following day and that I would need it back. The officers told me that I would have to wait until they finished doing their search, so I went back to my bunk to finish securing my property.

3.) When the officers finished their search they left (F)-POD and came back with sergeant, (Sgt) Donald Anderson to then have me submit to handcuff's while I was in the middle of securing my property.

4.) Yet contrary to the preceeding statements made herein, the North Carolina Department of Public Safety, (N.C. DPS) offense and disciplinary report states without any supporting video evidence, attached as exhibit (2), that "correctional Sgt.Jt Donald Anderson responded to Tan (2) (F)-POD with officers Donnie Fields; Hailey Locklear; Burnard Thompson; and Mitchell West due to being informed that LELAND CORSO (#0824215) was causing a disturbance and hindering staff members from performing their Correctional duties," a (B-8) disciplinary offense that was dismissed.

Continued on additional pages...

1 of 4

5.) In exhibit (3); page (1), paragraph (2); and page (3), paragraph (2); DHO Regina R. Hampton dismissed the (B-8) disciplinary offense due to insufficient evidence to support the charge.

6.) I requested documentary camera footage from Tan unit (F)-POD; and the Tan-2 Stairwell to support my claim that custody staff failed to adhere to policy/procedures; which caused injury to my wrist. (Exh. 23, the step one unit response to my grievance regaurding these injuries)

7.) I was subsequently denied access to the video evidence that I requested to be present at the disciplinary hearing, on the bases that it was unavailable due to the recent upgrades to the camera's. (See Exh.3)

8.) In response to my use of force grievance no.: 4860-2021-LPODA-1543, dated 6-16-21, unit manager Linda A. Lewis provided a statement that "After reviewing all statements and video footage it appeared that all N.C. DPS policy/ procedures were followed. (See Exh. 23)

9.) Had the video that I requested been provided it would have contradicted the N.C. DPS offense and disciplinary report statements mentioned in paragraph (4) herein, about what was going on in the POD on 4-21-21.

10.) At the 6-3-21 disciplinary hearing about a month and a half after the injuries inflicted on 4-21-21 had started to heal, DHO Hampton read statements by Sgt. Anderson; officers B. Thompson; and H. Lacklear into the record that said, 1.) "AT NO TIME DID OFFENDER REPORT ANY INJURIES, NOR WAS ANY INJURIES OBSERVED.", 2.) "OFFENDER NEVER SAID ANYTHING ABOUT AN INJURY AND REFUSED MEDICAL.", and 3.) "WHEN HE EXAMINED THE WRIST OF THE OFFENDER HE DID NOT OBSERVE ANY INJURY TO THEM." (See Exh.3)

11.) Contrary to officer B. Thompson's statement to the step one use of force grievance dated 6-16-21, the left handcuff was not checked, double locked with two finger spaces between the handcuff and my wrist, because my wrist would not have been cut deep enough to leave a scar; and contrary to the statements contained in the N.C. DPS offense and disciplinary report; Lieutenant, (LT.) McInnis; officer David McGill; investigating officer Cindy Richardson (now Mrs. Holland); and case manager Mrs. Bagwell did see the injuries to my wrist as stated in response to my grievance. (See Exh. 23)

Signature: By: Leland T. Corser Jr.
Date: 12-16-21

2 of 4

12.) During the 6-3-21 hearing I introduced fresh scars to DHO. Hampton that was noticable after a month of healing, from the handcuff being applied too tight to my left wrist which caused deep lacerations. (See Exh. 3)

13.) Officer Richardson and case manager Bagwell saw the injuries to my wrist on 4-22-21, the next day when the injuries were fresh.

14.) DHO. Hampton based a finding of guilt for the (B-18) and (B-25) on the reporting party's statement / Investigating officer's report; and dismissed the (B-8) due to insufficient evidence to support the charge. (See Exh. 3)

15.) CDHO. Monica Bond upheld the finding of guilt in light of the conflicting facts presented at the disciplinary hearing and on appeal

I LELAND T CORSO JR, attest pursuant to 28 U.S.C. $1746 and declare under penalty of purjury that the foregoing is true and correct to the best of my knowledge and understanding.

Signature: By: Leland T. Corso Jr.
Date: 12-16-21

Case: 2:22-cv-00274-CJB-JEP Document: 2 Filed: 04/06/22 Page: 20 of 41

By: Leland T. Corso Jr.
LELAND T. CORSO JR , Pro se
Prison No: 0824215
Prison Address 22385 McGirts Bridge Rd
Lawrinburg , NC. 28352

4 of 4

LELAND THOMAS CORSO JR, ESTATE

523 Rail Road St.

Knox, Pa. [16232-9998]

June 6, 2021

Mr. Todd E. Ishee, Commissioner

Division of Adult Correction / Prisons Section

831 W. Morgan St.

4260 Mail Service Center

Raleigh, N.C. 27699

Dear Mr. Ishee,

This letter is to explain that I am having my power of attorney to send you the enclosed appeal with supporting documents because of my distrust of your subordinates at Scotland Correctional Institution, and for the purpose of making copies for my records.

My distrust of your subordinates stems from the continued retaliation that I have endured since January 2019. This write-up is nothing more than a continuation of that retaliation that your executive director, Kimberly D. Grande, continually denies takes place, which is in error and, will be proved at a later date.

Best regards,

By: Leland T. Corso Jr.

LELAND CORSO, 0824215

22385 McGirts Bridge Rd.

Laurinburg, N.C. 28352

INMATE NAME: CORSO, LELAND T.      OPUS#: 0824215

DATE/TIME OFFENSE: 04/21/21 21:40      OFFENSE LOCATION: 4860

APPEAL OFFENSE(S): B18, B25      HEARING LOCATION: 4860

DHO: HAMPTON, REGINA      DATE/TIME HEARING: 06/03/21 12:04

To appeal a Disciplinary decision, the following information is to be completed
by the inmate detailing why he/she wishes to appeal the decision of the DHO.
Additional information may be attached using any paper available to the inmate.

APPEAL STATEMENT (reason)  to be completed by inmate

I have been denied a fair and impartial proceeding by being denied the chance to rebut any presumption of guilt
or establish a defense by a preponderance of evidence, that staff lied in their statements against me, because
of the inability to present video evidence that was conveniently unavailable, while video footage that was
not requested was reviewed and used against me. This denied me of my 14th Amendment right to due process under
the U.S. Constitution. (See Wolf v. McDonnell, 418 U.S. 539, 564-570, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974)).
The video evidence that was conveniently unavailable would have supported my statement and would have contradicted
statements by Sgt. Anderson; Ofc. B. Thompson; and Ofc. H. Locklear on the record of the hearing and the disciplinary
report. The statements made by the above named persons to investigating Ofc. Cindy Richardson were false statements
(See the record of hearing page 1 and 2; Disciplinary Report page 1)(See also Lennear v. Wilson, 937 F.3d 257, 276-77
(4th Cir. 2019))    Appeal Statement continued on 2 attached pages and attached evidence.

INMATE SIGNATURE: By: Leland Thomas Corso Jr.      DATE: 6-5-21

ALL APPEALS "MUST" BE RECEIVED IN THE COMMISSIONER'S OFFICE AT THE ADDRESS SHOWN
BELOW WITHIN 15 CALENDAR DAYS OF THE DATE OF HEARING.   THIS APPEAL LETTER MAY BE
MAILED WITHOUT POSTAGE.   ALL APPEALS "MUST" BE COMPLETED ON THIS FORM.

THIS FORM AND ANY ATTACHMENTS MUST BE RECEIVED AT THE ADDRESS BELOW WITHIN
15 CALENDAR DAYS.

        TODD E. ISHEE, COMMISSIONER
    DIVISION OF ADULT CORRECTION/PRISONS SECTION
        831 W. MORGAN STREET
        4260 MAIL SERVICE CENTER
        RALEIGH, N.C.  27699-4260

Your case will be reviewed and an electronic decision will be forwarded to your
housing facility, which will be forwarded to you via Correctional Staff.

By: Leland Thomas Goose Jr. — 6-5-21 Exh.1

## Appeal Statement Continued

1.) I requested video evidence from (3) different areas of the prison,(2) being Tan-2-F-POD, and Tan-2 stairwell; the 3rd being from medical. (See the record of the hearing, page 1, paragraph 3). This evidence was not provided for review and violates my right to procedural due process protections recognized in Wolf supra., yet video footage from recieving was provided and used against me. (See the record of the hearing page 2, paragraph 6 and 7). The reason given in the record of the hearing as to unavailability of the video from (2) areas on Tan unit present safety issues for staff and inmates a like and provides an actionable 8th Amendment U.S. Constitution claim. (See Farmer V. Brennan, 511 U.S. 825, 832, 837, 114 S.Ct. 1970, 128 L.Ed. 2d 811 (1994)

4.) Contrary to statements made by Sgt. Anderson on page 1, and Mrs. Hampton on page 2 of the record of the hearing; per maintenance personel, the scales in medical would have been visible from camera in medical. If maintenance personel are incorrect about that fact, that exposes staff and inmates to harm.(See Farmer V. Brennan, Supra)

5.) The statements regarding the injury to my wrist, by Sgt. Anderson; Ofc. B. Thompson; and Ofc. H. Locklear on page 2 of the record of the hearing are false statements and are contradicted by staff witness statements that should have been collected from L.T. McInis; Ofc. J. Brown; Ofc. D. McGill; IOT Ofc. Cindy Richardson; and Casemanager Mrs. Bagwell, regarding grievance: 4860-2021-LPODA-15435, for unauthorized use of force. Mrs. Richardson and Mrs. Bagwell saw the injuries to my left wrist on 4-22-21 as reported in my statement. (See the record of the hearing page 1, paragraph 4, and page 2, paragraph 1 through 3)(See also grievance dated 4-29-21 with NC-410 screening response received 5-11-21)

6.) The record of the hearing and disciplinary report referenced herein has been attached to this appeal where the pertinent information referenced from those documents have been highlighted and paragraph numbers added for quick reference. A summation of the referenced Federal cases have been provided as part of this appeal. A copy of the referenced grievance regarding unauthorized use of force and screening response with the grievance have been provided so that staff witness statements regarding the injuries to my wrist can be obtained to show that I did infact have injuries to my left wrist. (continued on page 2)

-1-

1c 2.

## Appeal Statement Continued

7.) A copy of a case management sheet from 5-10-21 is attached to show how long it's been since the last infraction and a link/casual connection between staff's lies, and a cover letter has been included to explain that copies of this appeal have been made by my power of attorney, retained for my records, and to explain why this appeal has been mailed from my power of attorney to the commissioner at the address included on this appeal.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

This the 5th day of June, 2021

By: Leland Thomas Corso Jr

LELAND T. CORSO JR, 0824215

22385 McGirts Bridge Rd

Laurinburg, N.C. 28352

## Summation Of Cases—1

1.) Wolf v. McDonnell, 418 U.S. 539, 564-570, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974); To satisfy the basic requirements of due process in the context of prison discipline proceedings, prison officials need only provide an inmate with: 1) a written notice of the charge at least 24 hours prior to any hearing; 2) an opportunity to call witnesses and present documentary evidence in his defense when such action will not be unduly hazardous to institutional safety or correctional goals; 3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action; 4) assistance at the hearing if the prisoner is illiterate or the case is unusually complex; and, 5) an impartial fact finder.

2.) Lennear v. Wilson, 937 F.3d 257, 276-77 (4th Cir 2019); The Court held, "prison video surveillance evidence constitutes documentary evidence subject to the procedural due process protections recognized in Wolff... [u]pon request, an inmate is entitled to access prison video surveillance evidence pertaining to his or her disciplinary proceeding unless the government establishes that disclosure of such evidence would be, under the particular circumstances of the case, unduly hazardous to institutional safety or correctional goals... video footage, like other forms of documentary evidence, is particularly valuable to inmates in disciplinary proceedings because inmates... obviously face a severe credibility problem when trying to disprove the charges of a prison guard." The Court went on to state, "that in evaluating whether prison officials' failure to disclose or consider evidence was harmless, courts must determine whether the excluded evidence could have aided the inmate's defense." The Court also explained that the "some evidence" standard of Hill is inapplicable when a Court is considering "whether prison officials' failure to disclose or consider testimonial or documentary [evidence] was harmless.

3.) Farmer v. Brennan, 511 U.S. 825, 832, 837, 114 S.Ct. 1970, 128 L.Ed. 2d 811 (1994); The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to

## Summation of Cases-2

provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm. A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.

Exh.2

A. INMATE NAME: CORSO JR, LELAND T.          NCDOC#: 0824215
   FACILITY:  SCOTLAND CI          #: 4860     DATE OF REPORT: 06/03/21
   CRIME ( ) MISD.     INMATE ACTIVITY AT     CUSTODY LEVEL AT     DATE OF OFFENSE
   CLASS (X) FELON     TIME OF OFFENSE: 1     TIME OF OFFENSE: 3   04/21/21

   OFFENSE CLASS & NUMBER   I: B08     II: B18     III: B25
   SUMMARY :     ON APRIL 21, 2021, AT APPROXIMATELY 2140 HOURS,
            CORRECTIONAL SERGEANT II DONALD ANDERSON RESPONDED TO T2F
            POD WITH OFFICERS DONNIE FIELDS, HAILEY LOCKLEAR, BURNARD
            THOMPSON AND MITCHELL WEST DUE TO BEING INFORMED THAT
            OFFENDER LELAND CORSO (#0824215) WAS CAUSING A DISTURBANCE
            AND HINDERING STAFF MEMBERS FROM PERFORMING THEIR
            CORRECTIONAL DUTIES. UPON REPORTING TO T2F POD OFFENDER
            CORSO WAS OBSERVED BY HIM BEING NON-COMPLIANT AND REFUSING
            DIRECT ORDERS FROM OFFICER THOMPSON. HE ISSUED A DIRECT
            ORDER TO OFFENDER CORSO TO SUBMIT TO HANDCUFFS AND AS
            OFFICER THOMPSON HAD PLACED A HANDCUFF ON OFFENDER CORSO'S
            LEFT HAND, HE TURNED TOWARD OFFICER THOMPSON AND HAD HIS
            RIGHT HAND BALLED UP INTO A HE TURNED TOWARD OFFICER
            THOMPSON AND HAD HIS RIGHT HAND BALLED UP INTO A CLOSED
            FIST. OBSERVING THAT AN IMMINENT THREAT WAS ABOUT TO TAKE
            PLACE, HE ADMINISTERED A HALF SECOND BURST OF OC PEPPER
            SPRAY TO PREVENT AN IMMINENT ASSAULT ON OFFICER THOMPSON.
            OFFENDER CORSO, THEN SUBMITTED TO HANDCUFFS; HOWEVER AS HE
            WAS BEING ESCORTED TO MAIN MEDICAL. OFFENDER CORSO CONTINUED
            TO OFFER RESISTENCE AND BE AGGRESSIVE. OFFICER THOMPSON AND
            LOCKLEAR HAD TO SECURE OFFENDER CORSO TO A FLAT SURFACE ON
            3 SEPERATE OCCASIONS TO MAINTAIN CONTROL OF HIM. WHILE IN
            MAIN MEDICAL OFFENDER, CORSO AGAIN OFFERED RESISTANCE AND
            KICKED OVER A WEIGHING SCALE, CAUSING DAMAGE TO STATE OWNED
            PROPERTY. OFFICER THOMPSON AND LOCKLEAR AGAIN SECURED
            OFFENDER CORSO TO A FLAT SURFACE TO REGAIN CONTROL. OFFENDER
            CORSO REFUSED A POST USE OF FORCE ASSESMENT AND WAS ESCORTED
            TO THE RECEIVING AREA FOR DECONTAMINATION. UPON BEING
            DECONTAMINATION. OFFENDER CORSO WAS ESCORTED TO RESTRICTIVE
            HOUSING. OFFICER THOMPSON REMAINED WITH OFFENDER FOR 1 HOUR
            AFTER EXPOSURE TO OC PEPPER SPRAY.
                 OFFENDER CORSO WAS INFORMED OF HIS RIGHTS AND ACHARGES OF
            B18,B08, AND B25. OFFENDER ENTERED NO PLEA THIS PACKAGE IS
            BEING SENT TO DHO.
-------------------------------------------------------------------------------
   I HEREBY WAIVE MY RIGHT TO 24 HOURS WRITTEN NOTICE BEFORE MEETING THE
   HEARING OFFICER.
        INMATE'S SIGNATURE: _____     DATE: _____
   IS STAFF ASSISTANCE REQUESTED?: N   STAFF ASSIGNED:
   MY RIGHTS WITH REGARD TO THE DISCIPLINARY HEARING AND REVIEW HAVE BEEN
   EXPLAINED TO ME AND I HEREBY ACKNOWLEDGE RECEIPT OF THESE CHARGES.
        INMATE'S SIGNATURE: _____     DATE: _____
-------------------------------------------------------------------------------
B. SUPERINTENDENT'S DECISION:
   OFFENSE:          I: B08          II: B18          III: B25
   INMATE PLEA:      NO PLEA         NO PLEA          NO PLEA

*Exh 2*

INMATE NAME: CORSO JR, LELAND T.          NCDOC#: 0X4215

C. HEARING OFFICER'S DECISION:
   OFFENSE:           I: B08          II: B18          III: B25
   INMATE PLEA:          NO PLEA         NOT GUILTY         NOT GUILTY
   VERDICT:             DISMISSED         GUILTY            GUILTY

D. SANCTIONS IMPOSED:
   ACTIVATE SUSPENDED SENTENCE DATED:          FOR ARTICLE(S)
------------------------------------------------------------------------
I.                    II.                    III.
OFFENSE CLASS& NO: B-08   OFFENSE CLASS& NO: B-18   OFFENSE CLASS& NO: B-25
0 DAYS RHDP              15 DAYS RHDP              15 DAYS RHDP
     SUSPEND   MONTHS          SUSPEND   MONTHS          SUSPEND   MONTHS
     DAYS CRED TIME LOSS  25 DAYS CRED TIME LOSS  25 DAYS CRED TIME LOSS
     SUSPEND 0 MONTHS          SUSPEND 0 MONTHS          SUSPEND 0 MONTHS
0 HOURS EXTRA DUTY       40 HOURS EXTRA DUTY      40 HOURS EXTRA DUTY
     SUSPEND   MONTHS          SUSPEND   MONTHS          SUSPEND   MONTHS
SUSPENSION OF            SUSPENSION OF CANTEEN    SUSPENSION OF TELEPHON
                         VISITATION,
   PRIVILEGES     DAS       PRIVILEGES    050 DAS    PRIVILEGES    060 DAS
     SUSPEND   MONTHS          SUSPEND   MONTHS          SUSPEND   MONTHS
DEMOTE TO:               DEMOTE TO:               DEMOTE TO:
     SUSPEND   MONTHS          SUSPEND   MONTHS          SUSPEND   MONTHS
MONTHS DRAW LIMITED      2 MONTHS DRAW LIMITED    1 MONTHS DRAW LIMITED
     SUSPEND   MONTHS          SUSPEND   MONTHS          SUSPEND   MONTHS
------------------------------------------------------------------------

APPROVED BY: STN06 - SMITH, TAMEKA        ON 05/11/21  AT 14:39 (UNIT)
             HRR17 - HAMPTON, REGINA R.   ON 06/03/21  AT 12:04 (DHO)

FACILITY HEAD/DESIGNEE REVIEW:

   SIGNATURE: _____     DATE: _____

*1r S.*

INMATE NAME: CORSO JR, LELAND T.        NCDOC#: 0824215
OFFENSE DATE: 04/21/21    TIME: 21:40    LOCATION: SCOTLAND CI
HEARING DATE: 06/03/21    TIME: 12:04    LOCATION: SCOTLAND CI

SUMMARY OF ALL INFORMATION, EVIDENCE, OR STATEMENTS DEVELOPED AT THE HEARING
RELATING TO GUILT OR INNOCENCE:
    A 15 DAY EXTENSION WAS REQUESTED AND GRANTED IN ORDER TO
    GIVE THE DHO AN OPPORTUNITY TO OBTAIN AND REVIEW THE
    VIDEO FOOTAGE APPROVED BY ACDHO M. WILLIAMS.
    ***************************************************************

1.) ON 04.21.21 AT 2140 HRS SGT. ANDERSON STATED HE REPORTED
    TO TAN 2 F POD AFTER BEING INFORMED THAT OFFENDER
    CORSO LELAND 0824215 WAS BEING NONCOMPLIANT TO ORDERS
    BY STAFF. WHEN ORDERED TO SUBMIT TO RESTRAINTS THE
    OFFENDER INITIALLY COMPLIED, HOWEVER WHEN ONE HANDCUFF
    WAS PLACED ON HIS LEFT HAND HE TURNED TOWARDS OFC.
    THOMPSON WITH HIS RIGHT FIST BALLED UP AND SGT. ANDERSON
    ADMINISTERED OC PEPPER SPRAY. HE THEN SUBMITTED TO
    BEING HANDCUFFED AND WAS ESCORTED MEDICAL. WHILE IN
    MEDICAL OFFENDER KICKED OVER THE WEIGHT SCALE AND
    STAFF HAD TO SECURE THE OFFENDER TO REGAIN CONTROL.
    ***************************************************************

2.) FOLLOWING THE READING OF THE SUMMARY OF EVIDENCE, OFFENDER
    WAS EXPLAINED HIS DISCIPLINARY AND APPEAL RIGHTS. OFFENDER
    PLED NOT GUILTY TO THE B08, B18, AND B25 OFFENSES. THE B18
    DOES NOT PROVIDE SUFFICIENT EVIDENCE TO SUPPORT THE CHARGE
    IT IS BEING DISMISSED.
    ***************************************************************

3.) OFFENDER ACKNOWLEDGED  RECEIPT AND READING OF HIS
    RIGHTS. ALL STATEMENTS AND THE INVESTIGATING OFFICER'S
    REPORT WERE READ DURING THE HEARING. WITH REGARD TO
    EVIDENTIARY REQUESTS, OFFENDER MADE THE FOLLOWING:
    WITNESS STATEMENTS: WALLACE EUBANKS (F23), JOE GERMAIN (F46
    JOLIO RAMOS (F45), CLEAVE (F50), DANIAL (F40), (F49)
    LIVE WITNESSES: NONE
    PHYSICAL EVIDENCE: CAMERA (FPOD, TAN2 STAIRWELL, MEDICAL
    STAFF ASSISTANCE: YES TWK05
    ***************************************************************

4.) OFFENDER PROVIDED THE FOLLOWING STATEMENT HE STATED AFTER
    HE WAS SEARCHED OFC. H. LOCKLEAR, FIELDS, AND THOMPSON
    LEFT AND CAME BACK WITH SGT ANDERSON WHILE HE WAS
    "RESECURING) HIS PROPERTY IN HIS LOCKER. HE WAS TOLD TO
    SUBMIT TO CUFFS; WHEN HE DID HIS WRIST WAS PINCHED AND HE
    FLINCHED FROM PAIN. SGT. ANDERSON SPRAYED HIM AND
    THE OFFICERS HAD CONTROL OF HIS MOVEMENTS ALL THE WAY TO
    MEDICAL. HE WAS FORCED ON THE SCALE AND WHEN ASKED IF THE
    HANDCUFFS COULD BE LOOSENED HE WAS TOLD KNOW SO HE
    REFUSED TO BE WEIGHED. HE WAS SLAMMED TO THE GROUND AND
    THE SCALE WAS KNOCKED OVER BECAUSE OF THE OFFICER'S ACTIONS
    AFTER THE HANDCUFFS WERE REMOVED HE NOTICED SOME SWELLING
    AND CUTS ON HIS LEFT WRIST.

INMATE NAME: CORSO JR, LELAND T.        NCDOC#: 0824215
OFFENSE DATE: 04/21/21    TIME: 21:40    LOCATION: SCOTLAND CI
HEARING DATE: 06/03/21    TIME: 12:04    LOCATION: SCOTLAND CI

SUMMARY OF ALL INFORMATION, EVIDENCE, OR STATEMENTS DEVELOPED AT THE HEARING
RELATING TO GUILT OR INNOCENCE:
*********************************************************

1.) OFC. B. THOMPSON STATED HE PLACED CUFFS ON OFFENDER CORSO
ACCORDING TO POLICY. OFFENDER BECAME AGGRESSIVE AND TRIED
TO BREAK FREE, PULLED AWAY AND TRIED TO JUMP DOWN THE
STEPS WHICH PROMPTED STAFF TO PLACE OFFENDER ON A FLAT
HARD SURFACE TO REGAIN CONTROL ON MULIPLE OCCASIONS. AT
NO TIME DID OFFENDER REPORT ANY INJURIES, NOR WAS ANY
INJURIES OBSERVED.
*********************************************************

2.) OFC. H. LOCKLEAR STATED HE ASSISTED WITH PLACING CUFFS ON
OFFENDER CORSO. AFTER BEING CUFFED OFFENDER BEGAN ACTING
IN AN IRATE MANNER, SNATCHED AWAY FROM STAFF AND TRIED TO
THROW HIMSELF DOWN THE STAIRS. OFFENDER WAS PLACED ON A
FLAT HARD SURFACE SO THEY COULD REGAIN CONTROL MULTIPLE
TIMES. OFFENDER NEVER SAID ANYTHING ABOUT AN INJURY AND
REFUSED MEDICAL.
*********************************************************

3.) ADDENDUM STATEMENT BY SGT. ANDERSON STATES HE OBSERVED OFC.
B. THOMPSON PLACE HANDCUFFS ON OFFENDER CORSO AND WHILE
BEING ESCORTED OFFENDER CONTINUED TO RESIST AND STAFF
SECURED HIM TO A FLAT SURFACE TO MAINTAIN CONTROL. WHEN HE
EXAMINED THE WRIST OF THE OFFENDER HE DID NOT OBSERVE
ANY INJURY TO THEM.
*********************************************************

4.) OFC. WEST STATED HE PROVIDED EXTRA SECURITY WHILE TAN 2
STAFF RESTRAINED OFFENDER CORSO AND ESCORTED HIM OFF THE
UNIT.
*********************************************************

5.) OFFENDERS WALLACE EUBANKS 0847506(F40), JULIO RAMOS 1333546
DANIEL PALACIOS 1248101, JAMES MCGIRT 0269601(F50), DANIEL
SULLIVAN (F49), AND JOSEPH GERMAIN (F46) REFUSED TO
WRITE A STATEMENT WITNESSED BY TWO STAFF.
*********************************************************

6.) NUMEROUS ATTEMPTS HAVE BEEN MADE TO REVIEW THE VIDEO
ON THE UNIT HOWEVER DUE TO RECENT UPGRADES THE VIDEO IS
NOT AVAILABLE FOR THE DATE AND TIME OF THE INCIDENT.
*********************************************************

7.) DHO WAS UNABLE TO REVIEW VIDEO INSIDE MEDICAL DUE TO NO
AVAILABILITY. DHO REVIEWED RECEIVING VIDEO AND OFFENDER WAS
OBSERVED BEING ESCORTED BY STAFF WHEN HE QUICKLY TURNED
TOWARDS THE FEMALE STAFF ESCORTING HIM AND HAD TO BE
TURNED BACK AROUND BY STAFF. HE WAS THEN PLACED IN A
HOLDING CELL OUTSIDE OF THE CAMERA VIEW. THE MEDICAL
VIDEO ONLY SHOWS THE ENTRANCE AND EXIT IN MEDICAL NOT
INSIDE THE ACTUAL MEDICAL AREA.

LC 9.

INMATE NAME: CORSO JR, LELAND T.      NCDOC#: 0824215
OFFENSE DATE: 04/21/21   TIME: 21:40    LOCATION: SCOTLAND CI
HEARING DATE: 06/03/21   TIME: 12:04    LOCATION: SCOTLAND CI

SUMMARY OF ALL INFORMATION, EVIDENCE, OR STATEMENTS DEVELOPED AT THE HEARING
RELATING TO GUILT OR INNOCENCE:
        ************************************************************
  1.) DURING THE HEARING OFFENDER STATED HE HAS SCARS. WHEN
      ASKED WHY HE REFUSED MEDICAL HE STATED HE ASKED FOR
      MEDICAL WHEN HE GOT TO RESTRICTIVE HOUSING AND WAS TOLD
      THEY WOULD GET HIM SEEN AND HE NEVER WAS.
        ************************************************************
  2.) BASED ON THE REPORTING PARTY'S STATEMENT / INVESTIGATING
      OFFICER'S REPORT, A FINDING OF GUILTY IS ENTERED FOR
      OFFENSES B18 AND B25.
      SANCTIONS IMPOSED TO DETER FUTURE ACTS OF THIS NATURE.
      COPY OF RECORD OF HEARING, SANCTION IMPOSED, AND APPEAL
      FORM GIVEN TO OFFENDER BY DHO.
      DISC. HISTORY CONSIDERED WHEN IMPOSING SANCTIONS.
      THE B08 IS BEING DISMISSED DUE TO INSUFFICIENT EVIDENCE
      TO SUPPORT THE CHARGE.

HEARING OFFICER DECISION:
 OFFENSE: I. B08      II. B18     III. B25
        DISMISSED   GUILTY     GUILTY

HEARING OFFICER: HRR17 - HAMPTON, REGINA R.
   RECORDER: HRR17 - HAMPTON, REGINA R.

INMATE SIGNATURE: _____     DATE: ____/____/____

Case 1:22-cv-00274-CCE-JEP  Document 2  Filed 04/06/22  Page 32 of 41

**Date:** 5-10-21

**Opus:** 0824215

**Bunk:** T1B-47

**Case Manager:** *Mrs. Bagwell*

Tentative Release Date: _____ 5-29-55 _____

Projected Release Date: _____ 1-3-53 _____

Minimum Release Date: _____ 5-30-51 _____

Earned/Gain Time: _____ 901 _____

Merit Time: _____ 129 _____

Penalty Time: _____ 140 _____

Last Infraction: _9-7-19? (B18, B24)/4-21-21: B08,B18,B25-Rfs DHO_

Pending Charges/Detainers: Yes _____ No ✓

Custody Review Date: _____ - _____

Case Factor Points: _____ 13 _____

Should you have any further questions or concerns, obtain a request form and address those concerns to me by mail.

I will respond as promptly as possible.



Exh. 5

JULY    28, 2021

CORSO JR, LELAND T.                    NCDOC# 0824215
SCOTLAND CI                            UNIT#  4860

RE:  DISCIPLINARY OFFENSE  B18  DATED 04/21/21  21:40
     DISCIPLINARY OFFENSE  B25  DATED 04/21/21  21:40

DEAR INMATE CORSO             :
YOUR APPEAL TO THE COMMISSIONER OF PRISONS REGARDING THE DISCIPLINARY
ACTION(S) NOTED ABOVE HAS BEEN RECEIVED AND REVIEWED AS REQUESTED.

THE RESULTS OF THIS REVIEW REVEAL THAT PROPER PROCEDURES WERE
FOLLOWED, THAT SUFFICIENT EVIDENCE WAS PRESENT TO REACH A FINDING
OF GUILTY, AND THAT PUNISHMENTS WERE IN ACCORD WITH DIVISIONAL
POLICY AND PROCEDURE.

YOUR APPEAL IS, THEREFORE, DENIED AND THE ACTIONS TAKEN IN THESE
MATTERS ARE UPHELD.

SINCERELY,

BOND, MONICA
CHIEF DISCIPLINARY HEARING OFFICER

CC:  DISCIPLINARY REPORT FILE

lc

Exh 23

DC-410 (Rev. 07/15)

# NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY
## PRISONS
### ADMINISTRATIVE REMEDY PROCEDURE

Inmate Name: LELAND THOMAS CORSO JR.                    Inmate #: 0729715

Location: Ch-3L-Red-1                                   Date: 9-29-21

Grievance Statement: On 4-29-21 C/o Thompson in B-C outside under Sgt Anderson on Ten-2 Unit With malfeasance, applied a handcuff to my left Wrist causing severe pain that made me flinch to my left. Sgt Anderson then mistakenly sprayed me in the face with mace. Acting with malfeasance C/o Thompson and H. Locklear slammed me into walls, pushed me down stairs - claiming making me fell multiple times, and slammed me onto the ground-breaking a scale in medical. When the handcuffs were removed there were deep cuts to the inside and outside of my left wrist and no injury to my right wrist. These cuts were witnessed by C/o's Cindy Richardson, J. Bryan, D. Merrill, L.T. Mc Innis and Case Manager Mrs. Boswell. The malfeasance violates my 8th Amendment Right of the U.S. Constitution.

What remedy would resolve your grievance: Removal of unfit officers pursuant to NC Gen Stats, criminal battery charges against C/o Thompson and H. Locklear, my job restored on Ten-2 in the entire 72 block, written apologies, $10,000 in punitive per C/o-total amount $70,000.00, any other remedies available that are just reasonable and equitable.

Inmate Signature: LELAND THOMAS CORSO JR.

┌────────────────────────────────────────┐
│            **OFFICIAL USE**            │
└────────────────────────────────────────┘

Date received: 3-11-21          Receiving Officer Signature          Staff ID

Facility #: 5660     Year: 2021     Housing #: TTB-47     Sequence #:

Distribution: White - Facility Copy; Pink - Inmate Copy

LC 11



# North Carolina Department of Public Safety

*Prisons*

Roy Cooper, Governor
Erik A. Hooks, Secretary

Timothy D. Moose, Chief Deputy Secretary
Todd E. Ishee, Director

## DC-410 Screening Response

**Regarding Grievance No.:** 4860-2021-LPODA-15435
**Received:** 05/11/2021

**Inmate:** CORSO, LELAND T - 0824215
**Location:** 4860-SCOTLAND CI - T1B- 47

The grievance you have submitted has been accepted and will begin a review process. A response will be sent within 15 calendar days of 05/12/2021.

_____
05/12/2021
*Date*

_____
HATCHER, SHERYL
*Staff Electronic Signature*

cc: CTS



**MAILING ADDRESS:**
22385 MCGIRTS BRIDGE RD.
LAURINBURG, NC 28353-6602

WWW.NCDPS.GOV
*An Equal Opportunity Employer/Affirmative Action Employer*

**OFFICE LOCATION:**
22385 MCGIRTS BRIDGE RD.
LAURINBURG, NC 28353-6602
Telephone: (910)844-3078
Fax: (910)844-3786

# North Carolina Department of Public Safety

*Prisons*

Roy Cooper, Governor
Erik A. Hooks, Secretary

Timothy D. Moose, Chief Deputy Secretary
Todd E. Ishee, Director

**Step One - Unit Response**

**Regarding Grievance No.:** 4860-2021-LPODA-15435
**Received:** 05/11/2021

**Inmate:** **CORSO, LELAND T - 0824215**
**Location:** **4860-SCOTLAND CI - T2E- 05**

Time frame violation, grievance forwarded to Step two - Area/Complex/Institution Response.
In response to grievance written by you Offender Leland Thomas Corso #0824215, according to statements obtained from Sergeant Anderson, Officer Thompson and Officer L. Locklear, you were resisting while he placed a handcuff on your left wrist, you began resisting and balled up your right hand into a closed fist. Sergeant Anderson observed this being an imminent threat an administered OC pepper spray, to prevent and imminent assault on Officer Thompson. Once pepper spray was administered you submitted to cuffs. Officer Thompson state at no time did he use excessive force or slam you against a wall. Officer Thompson also states that handcuffs were checked, double locked and at least two finger space between the handcuffs and your arm. However, as you were being escorted to main medical, you continued to offer resistance and became aggressive. Officer Locklear and Officer Thompson had to secure you to a flat surface on three separate occasions, due to you intentional, continued, resistance while they were escorting you, to maintain control while you were being escorted out of the pod to main receiving and main medical. Once in medical you continued to resist and knocked over a weight scale in medical, attempting to damage state property. You refused medical assessment at that time. at no time did Sergeant Anderson, Officer Thompson nor Officer Locklear violate NCDPS policy during this incident. Lt. McInnis, Officer D. McGill, Officer Richardson and Case Manager Bagwell did observe after the fact, that your left wrist had what appeared to be minor injuries such as redness, bruising and broken skin. Officer J. Brown was unavailable due to him being LOA. After reviewing all the statements and video footage it appeared that all NCDPS policy/procedure were followed.

06/16/2021            LEWIS, LINDA A
*Date*             *Staff Electronic Signature*

cc: CTS

**MAILING ADDRESS:**
22385 MCGIRTS BRIDGE RD.
LAURINBURG, NC 28353-6602

**OFFICE LOCATION:**
22385 MCGIRTS BRIDGE RD.
LAURINBURG, NC 28353-6602
Telephone: (910)844-3078
Fax: (910)844-3786

WWW.NCDPS.GOV
*An Equal Opportunity Employer/Affirmative Action Employer*



State of North Carolina
Roy Cooper
Governor

Kimberly D. Grande
Executive Director

Members
Robert E. Campbell, Esq.
Jonathan D. Franklin
H. Gerald Beaver, Esq.
David W. Addison, Esq.
Phyllis S. Leary

## Step Three - Administrative Remedy Response

| | | |
|---|---|---|
| **Inmate:** | **CORSO, LELAND T** | |
| **Inmate #:** | **0824215** | |
| **Location:** | **4860-SCOTLAND CI - T2E- 05** | |
| | **Courier # 14-85-02** | |

**Tracking No:** 0000495004
**Unit Grievance No:** 4860-2021-LPODA-15435
**Date Received:** 07/12/2021

### Grievance Examiner: Findings and Disposition Order

This examiner has carefully reviewed the grievance and the response given by staff in the DC-410A response. A review of the matter finds that your allegations regarding force are have been investigated, and determined that the force used was appropriate due to your attempted assault against, and your failure to comply with directives issued to you by staff. Disciplinary action was initiated, and you were found guilty of the charges against you. Sir, it is the expectation of the Department of Public Safety that all Correctional staff conduct themselves in a professional manner when dealing with the offender population. All Correctional staff are reminded of this expectation, and failure to adhere to this expectation will result in immediate corrective action. From a review of the disciplinary and incident reports, it appears the facility acted appropriately based on your actions. Therefore, this matter was adequately addressed. I adopt the facts found by the staff investigator. Thus, this grievance is considered resolved by IGRB staff

07/26/2021

_Date_

ALSTON, PATRICIA A.

_Inmate Grievance Examiner Electronic Signature_

cc: CTS

1 c.

UNITED STATES DISTRICT COURT
for the
_Middle_ District of North Carolina
_____Division

LELAND THOMAS CORSO JR )
        Plaintiff(s)                    )
                                        )
                                        )
        - v -                           )
                                        )
Todd E. Ishee, Commissioner of Prisons  )
        Defendant(s)                    )

Case No: _____

## CERTIFICATE OF SERVICE

This is to certify that I, _LELAND THOMAS CORSO JR_, have served
~~Plaintiff(s)~~Defendant(s): _Todd E. Ishee_ ;
at the address: _831 W. Morgan St.; Raleigh, N.C. 27603_ ;
by certified mail on the _2_ day of _March_, 20_22_; pursuant to
Rule _5(b)_
of the Federal Rules of Civil Procedures; with _Petition Under 28 U.S.C. §2254 For Writ of_
_Habeas Corpus._See attached copy of certified return receipt signed by the
Plaintiff(s)/Defendant(s) or their authorized agent.

This the _22_ day of _March_, 20_22_

By: _Leland T. Corso Jr._
        LELAND THOMAS CORSO JR
Prison No: _0824215_
Prison Address _27385 McGirts Bridge Rd_
_Laurinburg, NC. 28352_



USPS TRACKING #

9590 9402 6348 0296 4622 20

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Leland T. Corso SR
P.O. Box 86
Knox, Pa 16232

---

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Todd Ishee
201 Mail Serv. Ctr
Raleigh, NC 27699

9590 9402 6348 0296 4622 20

2. Article Number *(Transfer from service label)*

7021 0350 0001 5346 3510

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
MAR 0 7 2022

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Todd Ishee
201 Mail Serv. Ctr
Raleigh, NC 27699

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

# UNITED STATES DISTRICT COURT
## for the
Middle _____ District of North Carolina
_____ Division

LELAND THOMAS CORSO JR )  Case No: _____
      Plaintiff(s) )
       )
     - v - )
       )
Todd E. Ishee, Commissioner of prisons )
      Defendant(s) )

## PRAECIPE

To:   The Clerk of Court for the Middle _____ District of North Carolina, The clerk will please issue summons to the within named defendants, returnable the 1st day of the next session of court:

Defendant (1): Todd E. Ishee     Defendant (10): _____
Defendant (2): _____     Defendant (11): _____
Defendant (3): _____     Defendant (12): _____
Defendant (4): _____     Defendant (13): _____
Defendant (5): _____     Defendant (14): _____
Defendant (6): _____     Defendant (15): _____
Defendant (7): _____     Defendant (16): _____
Defendant (8): _____     Defendant (17): _____
Defendant (9): _____     Defendant (18): _____

use additional paper to add Defendant(s): __ pages attached
SUMMONS SHALL ISSUE UPON THE ABOVE NAMED DEFENDANTS AT THE
FOLLOWING ADDRESS:
Todd E. Ishee, Commissioner of Prisons
831 W. Morgan St.
Raleigh, N.C. 27603
_____
_____

This the 16 day of December , 2021

            By: Leland T. Corso Jr.
                LELAND THOMAS CORSO JR
            Prison No: 0824215
            Prison Address: 22385 McGirts Bridge Rd
                      Laurinburg, N.C. 28352